**ORIGINAL**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA <br><br> v. <br><br> CARMINE BIANCO (01) | No. <br><br> 4-21CR-234-Y |

INFORMATION

The United States Attorney Charges:

## Count One

Conspiracy to Defraud the United States
(Violation of 18 U.S.C. § 371)

At all times material to this Information:

1. Beginning in 2009, and continuing into 2017, in the Fort Worth Division of the Northern District of Texas, and elsewhere, defendant **Carmine Bianco**, along with Sonya Vivar and other conspirators not named as defendants herein, did unlawfully, voluntarily, intentionally and knowingly conspire, combine, confederate, and agree together and with each other, to defraud the United States for the purpose of impeding, impairing, obstructing, and defeating the lawful governmental functions of the Internal Revenue Service of the Treasury Department in the ascertainment, computation, assessment, and collection of the revenue: to wit, employment taxes.

### **Objects of the Conspiracy**

1. The Internal Revenue Service ("IRS") was an agency of the United States Department of Treasury responsible for administering the tax laws of the United States

**Information – Page 1**

and for the collection of taxes owed to the United States.

2. From in or around 1987 to 2017, conspirator Sonya Vivar was employed as a Revenue Officer by the Internal Revenue Service. In Vivar's capacity as a Revenue Officer, Vivar worked on behalf of the IRS, including in the collection of taxes from taxpayers.

3. Beginning in or around January 2009 and continuing through in or around September 2017, Vivar was assigned, or at times requested that she be assigned, to employment tax collection cases involving various individual taxpayers and business, including a restaurant; an emergency medical services company; and a rehabilitation center (collectively, the "Businesses").

4. During this time, Vivar developed a personal friendship with **Carmine Bianco**. Vivar also prepared individual income tax returns for **Bianco**.

5. **Bianco** acquired the assets of the Businesses, and transferred the assets into newly formed business entities. **Bianco** continued to operate the Businesses.

6. The Federal Insurance Contribution Act ("FICA") required employers to withhold Medicare and Social Security taxes from their employees' wages. The Internal Revenue Code also required employers to withheld federal income taxes from their employees' wages. Employers, who held these taxes in trust for the United States, were required to pay them over to the IRS on behalf of their employees. Collectively, these withheld taxes will be referred to as "payroll taxes."

7. Every employer must have had at least one person with the obligation to collect, account for and pay over to the government payroll taxes. Such persons were

**Information – Page 2**

called "responsible persons." Defendant **Bianco** was a responsible person with regards to withholding payroll taxes from the Business' employees' wages and paying over the payroll taxes to the IRS.

8.   In addition to payroll taxes, the Internal Revenue Code also required employers to pay an employer's share of employees' FICA taxes to the IRS. Collectively, the combined employees' payroll taxes and employer's share of FICA taxes will be referred to as "employment taxes."

9.   **Bianco** did not pay the delinquent employment taxes associated with the Businesses.

10.  Vivar closed the employment tax collection cases involving the Businesses acquired by **Bianco**, even though she knew that **Bianco** was continuing to operate the Businesses under new names.

11.  After **Bianco** acquired the Businesses, the Businesses continued to accrue additional employment taxes. **Bianco** failed to pay the employment taxes over to the IRS.

12.  In or around 2017, Vivar learned that IRS criminal investigators had opened an investigation involving **Bianco** and other taxpayers.

13.  Vivar contacted IRS criminal investigators and informed them that she was **Bianco**'s tax return preparer. Vivar also requested that a new tax collection case involving **Bianco** be assigned to her. Vivar also attempted to have the criminal investigation against **Bianco** closed.

## Manner and Means

14. The defendant used and caused to be used the following manner and means, among others, to carry out the conspiracy:

15. Vivar would assist **Bianco** in obtaining the assets of the Businesses. Once Bianco obtained the assets of the Businesses, he would transfer the assets into newly formed business entities. Vivar would make entries into IRS entities to show that the delinquent employment taxes were not collectible, or that **Bianco** was not responsible for the employment taxes. **Bianco** continued to operate the new Businesses, and was responsible for withholding and paying employment taxes to the IRS. However, **Bianco** willfully failed to pay all of the employment taxes to the IRS.

## Overt Acts in Furtherance of the Conspiracy

16. In furtherance of the conspiracy and to effect the objects thereof, the following overt acts, among others, were committed by at least one of the conspirators:

17. On or about January 1, 2013, **Bianco** signed an agreement on behalf of CJB Enterprises to operate PRI, a rehabilitation services business with delinquent employment taxes. **Bianco** continued operating the business, but did not pay the delinquent employment taxes and did not pay all of the new employment taxes accrued by the business.

18. On or about June 26, 2013, Vivar closed the IRS collection case against the rehabilitation business, identifying the entity as defunct even though she knew that **Bianco** was continuing to operate the business under a new name.

19. On or about July 25, 2017, Vivar processed a non-assertion of the trust-fund recovery penalty assessed against **Bianco**.

20. On or about July 28, 2017, Vivar made entries into IRS records stating that **Bianco** was not liable for employment taxes related to the rehabilitation business.

In violation of 18 U.S.C. § 371.

PRERAK SHAH
ACTING UNITED STATES ATTORNEY

ROBERT J. BOUDREAU
Assistant United States Attorney
New York State Bar No. 4686507
801 Cherry Street, Suite 1700
Fort Worth, Texas 76102
Telephone: 817-252-5200
Facsimile: 817-252-5455